### No. 844.

SUCCESSION OF PIERRE CABROL. Opposition of MARIE NEZAT.

Where the dative testamentary executor contended that none of the issues raised in a supplemental petition of opposition of the ninth August, 1873, to his tableau and final settlement, could be entertained by the court, because before that, to wit: on the fourth of August there was judgment homologating all the items not opposed:

Held—That as the original petition opposed in general terms the homologation of all the items of the account, except the law charges and costs, it follows that only these items were homologated by the judgment of the fourth of August, 1873. The supplemental petition of the ninth of August supplies, so far as the items therein specified, the deficiency complained of in the original petition of opposition. It cures to that extent the objection of vagueness. The court *a qua* erred therefore in dismissing the opposition.

APPEAL from the Parish Court, parish of Vermilion. *Guegnon*, J. *F. R. King*, for the succession, appellee. *James A. Breaux*, for opponent and appellant.

WYLY, J. Marie Nezat, widow of Pierre Cabrol and now wife of E. Noel, appeals from the judgment dismissing her opposition to the homologation of the final account of the dative executor of Pierre Cabrol.

The petition was filed on the thirtieth July, 1873, opposing in general terms all the items of the account except the law charges and costs. This was excepted to on the ground that the petitioner was not authorized by her husband, and the petition was too vague to apprise the executor of the specific grounds of opposition and to enable him to prepare a defense.

39

On fourth August a supplemental petition of opposition was filed. It was dismissed, however, on motion of the petitioner, and on the ninth August another supplemental petition of opposition was filed, in which the opponent objected to the item charged as commissions by the executor, also to the fee of the attorney of absent heirs, also to the item charged as money paid to C. H. Remick on the ground that the note was prescribed.

The husband of the opponent appeared to authorize his wife before there was a trial of the exceptions, and this was sufficient.

The accountant, however, contends that none of the issues raised in the supplemental petition of opposition of the ninth August, 1873, can be entertained by the court, because before that, to wit: on fourth August there was judgment homologating all the items not opposed. As the original petition opposed in general terms the homologation of all the items of the account except the law charges and costs, it follows that only these items were homologated by the judgment of fourth August, 1873. The supplemental petition of ninth August supplies, so far as the items therein specified, the deficiency complained of in the original petition of opposition. It cures to that extent the objection of vagueness.

Our conclusion is that the court erred in dismissing the opposition.

It is therefore ordered that the judgment appealed from be annulled, and it is now ordered that this case be remanded in order that the issues specified in the supplemental opposition of the ninth August, 1873, may be tried on the merits, and for further proceedings according to law, appellee paying costs of appeal.